IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVONTE HAZEL, HOPE NPIMNEE, and TITUS WILLIAMS, | 8:22CV409 |
| Plaintiffs, | |
| vs. | MEMORANDUM AND ORDER |
| STATE OF NEBRASKA, LANCASTER COUNTY JAIL, and WILLIAM GORACKE, | |
| Defendants. | |

This matter is before the Court for case management. Hope Npimnee ("Npimnee") is currently incarcerated at Lancaster County Jail in Lincoln, Nebraska. Filing No. 1. He filed a Complaint, Filing No. 1, on November 30, 2022, concerning prison conditions at the Lancaster County Jail ("LCJ"), and a motion to proceed in forma pauperis ("IFP"), Filing No. 2. The Complaint, Filing No. 1, and the IFP motion, Filing No. 2, were signed by Npimnee and two other prisoners, Davonte Hazel ("Hazel") and Titus Williams ("Williams"), who are also housed at the LCJ.

Prisoners are allowed to file joint civil rights complaints in this district if the criteria of permissible joinder under Federal Rule of Civil Procedure 20 are satisfied. However, pursuant to the Prison Litigation Reform Act, each prisoner in a joint action must pay the full civil filing fee. See Cole v. Houston, No. 4:06cv3314, 2007 WL 1309821 (D. Neb.

March 30, 2007). In other words, each prisoner in a joint action must pay the full civil filing fee, just as if he had filed the suit individually.

Because not every prisoner is likely to be aware of the potential negative consequences of joining group litigation in federal courts, this Court will alert Plaintiffs to the individual payment requirement, as well as other risks they face in joint pro se litigation.[1] Therefore, the Court offers Plaintiffs Davonte Hazel and Titus Williams[2] an opportunity to withdraw from this litigation before the case progresses further. Each of these co-plaintiffs may wish to take the following points into consideration when making their decision:

- Each must pay the full $350 filing fee, either in installments or in full, regardless of whether this action is dismissed, severed, or allowed to proceed as a group complaint.

- Each will be held legally responsible for knowing precisely what is being filed in the case on their behalf.

- Each will be subject to sanctions under Federal Rule of Civil Procedure 11 if such sanctions are found warranted in any aspect of the case.

- Each will incur a strike if the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.

---

[1] This notice is modeled after the Court's order in *Kirkendall v. Justus*, Case No. 14-cv-772-JPG, 2014 WL 3733971 (S.D.Ill. July 29, 2014) (providing notice to prisoners of the potential negative consequences of joining group litigation).

[2] The Court designates Plaintiff Npimnee, who delivered the Complaint to the court, as the "lead plaintiff" for purposes of this order because the Complaint and the motions filed to date indicate that he has taken the initiative to bring this action.

- In screening the Complaint, the Court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, each will be required to prosecute their claims in a separate action and pay a separate filing fee for each new action.

Plaintiffs must note that any proposed amended complaint or other document filed on behalf of multiple Plaintiffs must be signed by each of the Plaintiffs. As long as Plaintiffs appear without counsel in this action, each Plaintiff must sign documents for himself. See Fed. R. Civ. P. 11. A non-attorney cannot file or sign papers for another litigant. Plaintiffs are WARNED that future group motions or pleadings that do not comply with this requirement shall be stricken pursuant to Rule 11(a).

Additionally, while Npimnee, Hazel, and Williams have each signed the IFP motion, Filing No. 2, filed with the Complaint, the motion fails to comply with 28 U.S.C. § 1915, the statute authorizing proceedings in forma pauperis. All plaintiffs seeking to proceed IFP must individually qualify for IFP status. See Anderson v. California, No. 10 CV 2216 MMA AJB, 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010) ("[I]f multiple plaintiffs seek to proceed in forma pauperis, each plaintiff must qualify for IFP status."). Here, the Court cannot clearly ascertain whether the statements regarding available assets and outstanding obligations in Plaintiffs' IFP motion, Filing No. 2, apply to all individuals or only to Npimnee. Thus, the Court cannot determine whether Npimnee qualifies for IFP status. Accordingly, the Court will deny the IFP motion at Filing No. 2 without prejudice to reassertion in a motion to proceed IFP that complies with 28 U.S.C. § 1915 filed by Npimnee individually.

IT IS THEREFORE ORDERED that:

1. The non-lead Plaintiffs, Davonte Hazel and Titus Williams, shall have 30 days from the date of entry of this order in which to advise the Court whether they wish to continue as a Plaintiff in this group action. If, by that deadline, any non-lead Plaintiff advises the Court that they do not wish to participate in the action, they will be dismissed from the lawsuit and will not be charged a filing fee for this action.[3] **This is the only way to avoid the obligation to pay a filing fee for this action.**

Alternatively, if any Plaintiff (including lead Plaintiff Hope Npimnee) wants to pursue his claims individually in a separate lawsuit, he shall so advise the Court in writing, and his claims shall be severed into a new action where a filing fee will be assessed.

2. The IFP motion, Filing No. 2, is hereby denied without prejudice to reassertion in a motion to proceed IFP that complies with 28 U.S.C. § 1915 filed by Npimnee individually. Npimnee is directed to submit the $402.00 fees to the Clerk's office or submit a request to proceed in forma pauperis within 30 days. Failure to take either action will result in Npimnee's dismissal from this matter without further notice. The Clerk's Office is directed to send the Form AO240 to Npimnee.

3. Additionally, each non-lead Plaintiff, Davonte Hazel and Titus Williams, who choose to continue as a Plaintiff, either in this action or in a severed individual case, is hereby ORDERED to pay a fee of $402.00[4] or file a properly completed motion for leave

---

[3] As the lead Plaintiff, Npimnee may choose to voluntarily dismiss or sever his claims but may not escape his obligation to pay the filing fee for this action, which was incurred when the action was filed. *See* 28 U.S.C. § 1915(b)(1); *In re Tyler*, 110 F.3d 528, 529 30 (8th Cir. 1997).

[4] A Plaintiff whose application for pauper status is approved will be charged a filing fee of only $350.00, as he is not subject to the $52.00 administrative fee assessed to non-IFP plaintiffs.

4

to proceed IFP within 30 days from the date of this Memorandum and Order. The Clerk's Office is directed to also send the Form AO240 to Hazel and Williams.

Failure to submit a properly completed IFP motion does not relieve a non-lead Plaintiff of the obligation to pay a filing fee unless he also submits timely written notice that he does not intend to proceed with the action. **Any non-lead Plaintiff who simply does not respond to this Memorandum and Order within 30 days will be obligated to pay the full filing fee and will also be dismissed from this action for want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).**

4. Plaintiffs are again WARNED that future group motions or pleadings that do not comply with the group pleading requirements discussed herein shall be stricken pursuant to Rule 11(a).

5. Plaintiffs are further ADVISED that each of them is under a continuing obligation to keep the Court informed of any change in his address.

6. The Clerk of Court is directed to set a pro se case management deadline using the following text: **January 5, 2023**: check for response from non-lead Plaintiffs.

Dated this 6th day of December, 2022.

BY THE COURT:

*F Bataillon*

Joseph F. Bataillon
Senior United States District Court

5