IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HOPE NPIMNEE,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>STATE OF NEBRASKA, LANCASTER COUNTY JAIL, and WILLIAM GORACKE,<br><br>　　　　　　Defendants. | 8:22CV409<br><br>**MEMORANDUM AND ORDER** |

　　　This matter is before the Court on Plaintiff's Motion to Amend his Complaint (the "Motion to Amend"), Filing No. 21, and Motion to Extend time to make his initial filing fee payment (the "Motion to Extend"), Filing No. 24. For the reasons set forth below, the Motion to Amend shall be denied without prejudice and the Motion to Extend shall be granted.

　　**A. The Motion to Amend**

　　Based only on the substance of the Motion to Amend, it appears that Plaintiff does not seek to amend his Complaint, and instead intends to request that this Court consider additional argument when reviewing his Complaint. Filing No. 21 at 1 (requesting this Court consider the case of "*Jones-El v. Godert*, (E.D. Mo. 2019)" when reviewing his Compliant). To that extent, the Court finds the motion unnecessary as no amendment to the Complaint is made.

However, upon review of the Motion to Extend, it appears Plaintiff does wish to amend his Complaint to add additional claims, *see* Filing No. 24, at 2–3 (explaining that he wishes to add a "litany of tort claims" to his Complaint), but the Court concludes the Motion to Amend still should be denied. If Plaintiff seeks to add additional claims or otherwise amend his Complaint, Plaintiff may generally file a motion to amend his Complaint at any time in the early stages of these proceedings. *See* Fed. R. Civ. P. 15(a)(1) (pretrial amendments to a pleading permitted within 21 days of serving the pleading or service of a responsive pleading or at any other time with the opposing party's consent or the court's leave). However, when filing a motion to amend a complaint, a plaintiff must do so in compliance with Nebraska Local Rule of Practice 15.1, requiring a "motion for leave to amend [to] specifically state the proposed amendments" and to include "as an attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments."

Accordingly, the Motion to Amend shall be denied without prejudice. The Court will consider the authority cited by Plaintiff in his motion to amend when this Court conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**B. The Motion to Extend Time to Pay Initial Filing Fee**

Petitioner, in his Motion to Extend, seeks 60 days beyond the March 8, 2023 deadline to pay the $14.50 initial partial filing fee set forth in this Court's February 6, 2023 order, Filing No. 23, granting his motion to proceed in forma pauperis (the "IFP Motion"), Filing No. 9. As cause for the extension, Plaintiff submits that after he received the order granting his IFP Motion, he requested the initial partial filing fee be paid from his inmate

trust account but the Lancaster County Jail (the "LCJ") refused to honor his request until the LCJ "receive[s] a direct order from the Court" instructing the LCJ to release the funds. Filing No. 24 at 1. Due to the nature of Plaintiff's request, the Court construes the Motion to Extend as both a request for additional time to pay the initial filing fee and a request for this Court to order the LCJ (or any other institution Plaintiff may be housed at by the time this order is entered)[1] to release the funds to make the initial partial filing fee payment from Plaintiff's institutional trust account. For the reasons set forth below, both Plaintiff's request for an extension of time to pay the initial filing fee and for an order instructing the institution where he is housed to release the funds from his trust account shall be granted.

"[T]he Court routinely allows plaintiffs additional time to pay an initial filing fee." *Taylor v. Neb.*, No. 8:22CV349, 2022 WL 17404922, at *1 (D. Neb. Dec. 2, 2022) (citing *Castonguay v. Douglas Cnty. Correction Ctr.*, No. 8:09CV225, 2009 WL 2840533, at *2 (D. Neb. Sept. 2, 2009) (extending time to pay initial filing fee due to lack of funds); *Alowonle v. Dep't of Corr. - MCF/WRML*, No. CIV. 09-1898 ADM/AJB, 2010 WL 428556, at *1 (D. Minn. Feb. 2, 2010) (discussing prior approval of initial filing fee extension in 1983 action)). Additionally, the Court may direct prison officials to collect federal filing fees from a prisoner's trust account when funds are available. *Ajamu v. Douglas Cnty., Nebraska*, No. 8:22CV347, 2023 WL 2162617, at *1 (D. Neb. Feb. 22, 2023) (ordering prison officials to release initial partial filing fee payment from a prisoner's trust account) (citing *Smith v. Huibregtse*, 151 F. Supp. 2d 1040, 1042 (E.D. Wis. 2001) (directing prison officials to pay the prisoner plaintiff's initial partial filing fee in a 42 U.S.C. § 1983 action

---

[1] Plaintiff indicates in his Motion to Extend that his sentencing was scheduled for February 22, 2023, and that his address may be changing thereafter. Filing No. 24 at 2.

because funds "existed" in plaintiff's trust account since plaintiff received regular bi-monthly deposits)).

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Extend time to pay his initial filing fee, Filing No. 24, is **GRANTED**. Plaintiff has through and until **May 1, 2023**, to pay the initial partial filing fee of $14.50 unless the Court extends the time in which he has to pay in response to a written motion.

2. By **May 1, 2023**, Plaintiff's institution shall deduct the initial partial filing fee of $14.50 from Plaintiff's institutional account and remit payment to the Clerk of Court.

3. After payment of the initial partial filing fee, Plaintiff's institution must collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2) and forward those payments to the Court.

4. The Clerk's office is directed to send a copy of this order to the appropriate official at institution holding the Plaintiff.

5. The Clerk of Court is directed to set a pro se case management deadline using the following text: **May 1, 2023**: initial partial filing fee due.

6. Plaintiff's Motion to Amend his Complaint, Filing No. 21, is **DENIED without prejudice**. If Plaintiff seeks to amend his Complaint, he must do so in compliance with Nebraska Local Rule of Practice 15.1, as previously discussed herein.

7. Plaintiff is advised that, following payment of the initial partial filing fee, the next step in Plaintiff's case will be for the Court to conduct an initial review of Plaintiff's claims set forth in his Complaint to determine whether summary dismissal is appropriate

4

under 28 U.S.C. § 1915(e)(2). The Court will conduct this initial review in its normal course of business following receipt of the initial partial filing fee.

Dated this 2nd day of March, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court