IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HOPE NPIMNEE,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA, LANCASTER COUNTY JAIL, and WILLIAM GORACKE,<br><br>Defendants. | 8:22CV409<br><br>ORDER |

This matter is before the Court on Plaintiff's "Motion to Judicial Notice of Plaintiff Character; Emergency Injunction Order" Filing No. 29, and his "Motion to Extend Initial Payment Deadline; Change Plaintiff address; Judicial notice of corruption," Filing No. 30. For the reasons set forth below, the Court will grant Plaintiff an extension of the initial partial filing fee deadline[1] but will deny the remainder of the motions.

**I. Extension of Time to Pay Initial Partial Filing Fee**

Petitioner, in his Motion to Extend, seeks 60 days from March 8, 2023, the date his motion was signed, to pay the $14.50 initial partial filing fee set forth in this Court's February 6, 2023 order, Filing No. 23, granting his motion to proceed in forma pauperis (the "IFP Motion"), Filing No. 9. As cause for the extension, Plaintiff submits that he believes his initial payment will be sent "well before" the sixty-day extension expires but

---
[1] The Court notes that Plaintiff's change of address has been updated by the Clerk's Office.

as the institution where he is housed "advised a four week delay in processing inmate funds" he seeks the extension to assure his payment is received in time. Filing No. 30 at 1.

The Court previously approved Plaintiff's prior motion to extend time to pay his initial partial filing fee, setting the deadline for payment on May 1, 2023. *See* Filing No. 26. However, Plaintiff was likely unaware of the granting of the extension or the May 1 deadline as due to Plaintiff's institutional transfer out of the Lancaster County Jail (the "LCJ") the Court's prior order sent to the LCJ was returned as undelivered. Filing No. 27; Filing No. 28.

Based on the date Plaintiff's current motion was signed, Plaintiff now seeks an additional week beyond the current May 1 deadline to May 8, 2023, to submit his initial partial filing fee. As set forth in the prior order, "the Court routinely allows plaintiffs additional time to pay an initial filing fee." Filing No. 26 at 3 (citing *Taylor v. Neb.*, No. 8:22CV349, 2022 WL 17404922, at *1 (D. Neb. Dec. 2, 2022) (citing *Castonguay v. Douglas Cnty. Correction Ctr.*, No. 8:09CV225, 2009 WL 2840533, at *2 (D. Neb. Sept. 2, 2009); *Alowonle v. Dep't of Corr. - MCF/WRML*, No. CIV. 09-1898 ADM/AJB, 2010 WL 428556, at *1 (D. Minn. Feb. 2, 2010))). To ensure Plaintiff is able to submit his initial filing fee and proceed with his case, the extension to May 8, 2023, shall be granted.

## II. Judicial Notice

In both motions Plaintiff requests this Court take judicial notice of his "character" and of various facts Plaintiff alleges which relate to his underlying criminal conviction and

other cases unrelated to the Complaint filed in this case. Filing No. 29; Filing No. 30 at 1, 3.

Plaintiff's relief in the instant matter is limited to only those forms that are cognizable in § 1983 actions. "The Supreme Court has explained that 42 U.S.C. § 1983 creates a species of tort liability where the basic purpose of § 1983 damages is to *compensate persons for injuries* that are caused by the deprivation of constitutional rights. *Markham v. Tolbert*, No. 22-CV-0187 (SRN/TNL), 2022 WL 17819354, at *11 (D. Minn. Dec. 20, 2022) (quotations omitted) (quoting *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305–07 (1986)). "[T]o the extent plaintiff challenges the validity of his criminal sentence, whether it be by prosecutorial misconduct, ... ineffective assistance of counsel, or other grounds," a habeas corpus action is the appropriate platform on which to proceed, not § 1983. *Morris-Bey v. 5 Semi-Unknown St. Louis Metro. City Police Officers*, No. 4:07-CV-1814, 2009 WL 724010, at *3 (E.D. Mo. Mar. 13, 2009) (citation omitted); See *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (Explaining that forms of relief that call into question the validity of a plaintiff's conviction and/or sentence are not available under § 1983).

While it is unclear for what purpose Plaintiff seeks judicial notice of the information he lists and documents he attaches in his motions, Plaintiff is advised that, to the extent he seeks to challenge his conviction and sentence, a § 1983 action is not the appropriate vehicle for doing so. Plaintiff is further advised that only after receipt of payment of the initial partial filing fee shall the Court review Plaintiff's Complaint via its initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C.

§ 1915(e)(2). The Court will conduct this initial review in its normal course of business and will determine whether Plaintiff's case proceeds.

### III. Emergency Injunction

Plaintiff seeks an order "directing the Nebraska Department of Correctional Services RTC facility" where Plaintiff is currently housed to "comply with 42 USCA 1983 and allow increased access to legal material such as paper and stamped envelopes." Filing No. 29 at 1. Plaintiff also requests that he have additional time to access the law library and legal research materials in his current institution. *Id.*

In the instant Complaint, Plaintiff alleges claims relating to his confinement at LCJ, whereas the order Plaintiff now seeks relates to access to legal materials at his current institution. *Compare* Filing No. 1 *with* Filing No. 29. To the extent Plaintiff wishes to join additional defendants to this action, Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons ... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

> While joinder of claims, parties, and remedies are encouraged under the Federal Rules of Civil Procedure, permissive joinder is not applicable in all cases. *Mosely v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). In particular, there are two specific requisites for joinder, including the requirement that the asserted right to relief against each defendant must arise out of the same transaction or occurrence. *Id.* As such, a plaintiff cannot join, in a single lawsuit, multiple claims against different defendants related to events arising out of different transactions or occurrences. In other words: "Claim A against Defendant 1 should not be joined with

unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

*Ausler v. Glass*, No. 4:21-CV-00644-JAR, 2022 WL 898792, at *4 (E.D. Mo. Mar. 28, 2022).

Plaintiff is advised he may only present claims against defendants regarding the same transaction or occurrence in the instant action. Therefore, as allegations of library access violations at the Nebraska Department of Correctional Services RTC facility are not appropriate in his current case where he alleges violations relating to conditions of confinement when Plaintiff was housed at the LCJ,[2] his motion for emergency injunction must be denied.

Additionally, to the extent Plaintiff seeks an injunction, the standards set forth by *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981), would apply to Plaintiff's motion. In *Dataphase*, the Eighth Circuit Court of Appeals, sitting en banc, clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief: (1) the threat of irreparable harm to the movant; (2) the balance between that harm and the injury that granting the injunction will inflict on the other interested parties; (3) the probability the movant will succeed on the merits; and (4) whether the injunction is in the public interest. *Id*. at 114. Failure to show irreparable harm alone is a sufficient basis for a court to deny injunctive relief. *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 420 (8th Cir. 1987). The Court notes that Plaintiff has not plead

---

[2] While the Court makes no representation regarding the appropriateness of filing Plaintiff's emergency injunction claim into a different case, the Court notes that Plaintiff has filed a separate case, *Npimnee v. Andrews*, 8:23-cv-102, Filing No. 1 at 2, where access to the law library at Nebraska Department of Correctional Services RTC facility is mentioned.

5

the *Dataphase* standards, therefore even if his emergency injunction motion were appropriately filed into this case, it would be denied.

IT IS THEREFORE ORDERED that:

1. To the extent Plaintiff's Motion at Filing No. 30 seeks to extend time to pay the partial initial filing fee, it is granted.

2. Plaintiff must pay an initial partial filing fee of $14.50 by May 8, 2023, unless the Court extends the time in which he has to pay in response to a written motion.

3. The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **May 8, 2023**: initial partial filing fee payment due.

4. The remainder of Plaintiff's motion at Filing No. 30 seeking an emergency injunction, and the entirety of Plaintiff's motion at Filing No. 29, are denied without prejudice.

5. Plaintiff is advised that the next step in his case will be for the Court to conduct an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2), which will be conducted in the Court's normal course of business after the initial filing fee has been received.

Dated this 23rd day of March, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court