IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HOPE NPIMNEE, <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF NEBRASKA, LANCASTER COUNTY JAIL, and WILLIAM GORACKE, <br><br> Defendants. | 8:22CV409 <br><br> **MEMORANDUM AND ORDER** |

Plaintiff Hope Npimnee ("Npimnee") filed a pro se Complaint on November 30, 2022. Filing No. 1. Npimnee was granted leave to proceed in forma pauperis on February 6, 2023. Filing No. 23. Npimnee's initial partial filing fee was received by the Court on April 17, 2023 (text entry), and on April 28, 2023, Npimnee filed a motion requesting this Court take judicial notice of his payment of the initial partial filing fee (the "Motion"), Filing No. 32.

As an initial matter, because the docket clearly reflects receipt of Npimnee's initial partial filing fee, the Court shall deny Npimnee's Motion as moot. The Court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915A(a), and finds that it is, but that in lieu of dismissal, the Court sua sponte grants Npimnee leave to amend.

On initial review, the Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. See 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Liberally construed, Npimnee alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). While "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties," *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (internal quotation marks and citations omitted), pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

The subject matter of this case arises from allegations of Eighth Amendment violations relating to the classification of inmates as non-indigent when they have "as little

2

as $0.31" in available funds, resulting in denials of basic housing, food, clothes, and hygiene by Defendants the State of Nebraska, Lancaster County Jail, and Sergeant William Goracke. Filing No. 1 at 1–5. The Complaint currently before this Court, however, was originally filed as a joint action by three plaintiffs, including Npimnee, before all plaintiffs separated their claims and filed individual actions, with only Npimnee's claims being retained in the instant case.[1] Of note and particularly relevant here, the instant Complaint has not been amended since its initial filing. As such, while the Complaint is signed by Npimnee and contains factual allegations such as, for example, "I had a sore on my foot that may have been caused by poor hygiene" and the Lancaster County Jail "routinely denied myself and several others essential hygiene items such as a bar of soap,"[2] see e.g. Filing No. 1 at 3, 5, because the Complaint was drafted to address the complaints of three plaintiffs, it is impossible for this Court to discern if the "I" or the "myself" mentioned is Npimnee or one of the other former plaintiffs.

Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555).

---

[1] Following an Order by the Court allowing each plaintiff to elect to proceed individually in separate cases, see Filing No. 7, plaintiff Npimnee as well as plaintiffs Davonte Hazel and Titus Williams elected to separate their claims from the other plaintiffs and proceed individually, see Filing No. 8; Filing No. 10; Filing No. 12. As a result, plaintiffs Hazel and William were severed from this case as plaintiffs and assigned new case numbers. See Filing No. 14.

[2] The Court also notes that to the extent Npimnee seeks to represent the interests of any other parties, he is unable to do so. Russell v. United States, 308 F.2d 78, 79 (9th Cir.1962) (holding "a litigant appearing in propria persona has no authority to represent anyone other than himself").

3

As the Complaint is replete with "I" factual allegations that could relate to any of the three individual initial plaintiffs, as well as claims addressing other unnamed inmates, and does not contain any allegations which clearly relate to Npimnee, the Court is unable to ascertain any affirmative connection between Npimnee and the allegations made. Put another way, the Court is unable to determine which of the named defendants were involved in any of Npimnee's claims because the alleged violations are not connected specifically to Npimnee.

As such, Npimnee's Complaint fails to state a claim upon which relief may be granted against any named Defendant and is subject to preservice dismissal under 28 U.S.C. § 1915A. On the Court's own motion, Npimnee will be given 30 days in which to file an amended complaint that states a plausible claim for relief against any or all defendants, and clearly explains what each defendant did to him and when, and how each defendant's actions harmed him. Npimnee is advised that any amended complaint he files will supersede the original Complaint.

IT IS THEREFORE ORDERED that:

1. Npimnee's Motion for judicial notice of payment of his initial filing fee, Filing No. 32, is denied as moot.

2. Npimnee shall have 30 days from the date of this Memorandum and Order to file an amended complaint that clearly states a claim or claims upon which relief may be granted against any or all defendants in accordance with this Memorandum and Order. If Npimnee fails to file an amended complaint, this matter will be dismissed without further notice.

4

3. The Court reserves the right to conduct further review of Npimnee's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files an amended complaint.

4. The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **August 18, 2023:** Check for amended complaint.

Dated this 19th day of July, 2023.

BY THE COURT:

*Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Judge

5