IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

HOPE NPIMNEE,

                Plaintiff,

        vs.

STATE OF NEBRASKA, LANCASTER
COUNTY JAIL, and WILLIAM GORACKE,

              Defendants.

**8:22CV409**

**MEMORANDUM AND ORDER**

        Before the Court is Plaintiff's Motion to Reinstate Action and Motion to Extend Amended Complaint Deadline (the "Motion to Reopen") signed and notarized October 30, 2023, postmarked November 1, 2023, and filed on November 3, 2023. *See* Filing No. 40. The Court construes Plaintiff's filing either as a motion to alter or amend judgment, filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, or as a motion for relief from judgment, filed pursuant to Rule 60(b). *See Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988) (where moving party fails to indicate which provision of the Federal Rules of Civil Procedure he is relying upon in making his motion to reconsider the judgment, court may treat it as a Rule 59(e) or Rule 60(b) motion).

        As an initial matter, it appears that Plaintiff's Motion cannot proceed under Rule 59(e) both as it is likely untimely and as is does not meet the substantive Rule 59(e) criteria. A Rule 59(e) motion "must be filed no later than 28 days after the entry of

judgment." Fed. R. Civ. P. 59(e).  Here, the Judgment of dismissal was entered on October 2, 2023, Filing No. 39, requiring the Motion to Reopen to be filed no later than October 30, 2023, to comply with Rule 59(e).  As the Motion to Reopen was filed on November 3, 2023, and postmarked November 1, 2023, the Motion to Reopen is untimely unless Petitioner can establish he deposited the Motion to Reopen  into the prison mail system on October 30, 2023, the date the Motion to Reopen was signed and notarized.[1] Filing No. 40 at 1, 7.  However, the Court declines to consider timeliness further as even if the Motion was timely, Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006).  As Plaintiff does not argue that he seeks to reopen his case to correct an error of law or fact or to present newly discovered evidence, *see* Filing No. 40 (seeking to reopen due to lack of access to the courts), Plaintiff's Motion to Reopen if brought under Rule 59(e) would fail.

Rule 60(b), on the other hand, provides that a judgment may be set aside, inter alia, for "mistake, inadvertence, surprise, or excusable neglect" or for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(1),(6), and that a motion seeking relief under Rule 60(b) "must be made within a reasonable time—and for reason[] (1) . . . no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1).  Here, Plaintiff's Motion to Reopen was filed within a reasonable time as it was received only 32 days after the order and judgment of dismissal was filed and Plaintiff had limited access to his legal

---

[1] "[T]he 'prison mailbox rule' gives the plaintiff the benefit of the date he deposited his motion into the prison mail system." *Leonor v. Britten*, No. 4:04CV3330, 2006 WL 3497846, at *1 (D. Neb. Dec. 4, 2006) (citing *Houston v. Lack,* 487 U.S. 266, 270–76 (1988) and progeny).

mail until mid-October.  *See* Filing No. 40.  As Plaintiff's Motion is timely, the Court considers the merits of Plaintiff's Motion under Rule 60(b).

Plaintiff's contention that he was not able to respond to the Court's mailing is best analyzed as a claim of "excusable neglect," which is "an elastic concept that empowers courts to provide relief where a party's failure to meet a deadline is caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Kurka v. Iowa City*, 628 F.3d 953, 959 (8th Cir. 2010) (cleaned up).

> To determine whether conduct is excusable, courts consider several factors, including: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the movant acted in good faith; and (4) the reason for the delay, including whether it was within the reasonable control of the movant.

*Freeman v. Wyeth*, 764 F.3d 806, 809 (8th Cir. 2014) (cleaned up).  "The reason for the delay is a key factor in the analysis, but the excusable neglect inquiry is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."  *Id.* (cleaned up).

In his Motion to Reopen, Plaintiff asserts that on July 20, 2023, the day after this Court ordered Plaintiff to file an amended complaint within 30 days or face dismissal of this action, *see* Filing No. 34, he was removed from the general population at Tecumseh Correctional Institution ("TSCI") where he is currently housed into Restrictive Housing Unit ("RHU") due to an assault and pending investigation, and that he was kept in RHU until October 12, 2023.  Filing No. 40 at 1.  Plaintiff further submits that while in RHU he was denied access to legal materials such as stamped envelopes and adequate access to the law library which "incapacitated" his ability to prosecute any legal actions until

October 18, 2023, when he was transferred out of RHU and his access to the law library, mail, and his legal paperwork was "reinstated." *Id.*

The Court notes that on August 7, 2023, after being placed in RHU, Plaintiff was able to file a motion to extend the deadline to comply with the July 19 Order, seeking through and until September 18, 2023, to do so (the "Motion to Extend").   Filing No. 35. In his Motion to Extend Plaintiff sought to extend the deadline to file an amended complaint to September 18, 2023, due his placement in RHU where he lacked access to the law library and to his legal paperwork.  *Id.*  The September 18 date was based on Plaintiff's belief he would be released from RHU within "14 days" and would then be able to file an amended complaint.  *Id.*

This Court granted the Motion to Extend and granted Plaintiff through and until September 18, 2023, to file his amended complaint in compliance with the July 19 Order. Filing No. 37.  However, on October 2, 2023, finding that Plaintiff had not filed an amended complaint or taken any other action in this matter, the Court entered an order and a judgment dismissing the action without prejudice for failure to prosecute and failure to comply with the orders of this Court.  Filing No. 38; Filing No. 39.

Plaintiff promptly moved for relief from judgment after his release from RHU. Further, Plaintiff attests that he now has access to the law library, mail, and his legal paperwork and can file his amended complaint within 30 days if the Court were to grant his Motion to Reopen.  Although it is unclear why Plaintiff was unable to file for a second extension while in RHU as he was able to do so when he filed his Motion to Extend, the Court will accept Plaintiff's representation that he was unable to comply with the Court's order requiring him to amend his complaint and will set aside the judgment. *See e.g.*

4

*Richter v. Saul*, No. 8:19CV340, 2019 WL 5552855 (D. Neb. Oct. 28, 2019) (setting aside dismissal for failure to prosecute).

As such Plaintiff will be given an additional 30 days to file an amended complaint in accordance with the Court's July 19, 2023, Memorandum and Order.  If an amended complaint is filed within 30 days, the Court will then conduct another initial review pursuant to 28 U.S.C. § 1915(e)(2).  But if an amended complaint or a request to extend time to comply is not filed within 30 days, this action may be dismissed without further notice to Plaintiff.

IT IS THEREFORE ORDERED:

1.      Plaintiff's Motion to Reinstate Action and Motion to Extend Amended Complaint Deadline, Filing No. 40, treated as a motion filed pursuant to Rule 59(e) or Rule 60(b), is granted.

2.      The Court's Memorandum and Order entered on October 2, 2023, Filing No. 38, is withdrawn.

3.      The Court's Judgment entered on October 2, 2023, Filing No. 39, is set aside and vacated.

4.      The Clerk of Court shall send Plaintiff another copy of the Court's Memorandum and Order entered on July 19, 2023, Filing No. 34, along with a copy of this Memorandum and Order

5.      Plaintiff shall have 30 days in which to file an amended complaint in accordance with the Court's July 19, 2023, Memorandum and Order, Filing No. 34. Failure to file an amended complaint on or before December 11, 2023 will result in the Court dismissing this case without further notice to Plaintiff.

6.    The Clerk of the Court is directed to set the following pro se case management deadline: **December 11, 2023**: check for amended complaint.

Dated this 9th day of November, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court

6