IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HOPE NPIMNEE,<br><br>        Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA, LANCASTER COUNTY JAIL, and WILLIAM GORACKE,<br><br>        Defendants. | 8:22CV409<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Hope Npimnee ("Npimnee") filed a multi-plaintiff pro se complaint on November 30, 2022 (the "Multi-Plaintiff Complaint"). Filing No. 1. Npimnee was granted leave to proceed in forma pauperis on February 6, 2023. Filing No. 23. While the Multi-Plaintiff Complaint was originally filed as a joint action by three plaintiffs, of which Npimnee was one, Npimnee and the other two plaintiffs eventually sought to proceed individually, see Filing No. 8; Filing No. 10; Filing No. 12, after which the other plaintiffs were severed from this case and the Multi-Plaintiff Complaint became Npimnee's initial complaint (the "Complaint"), see Filing No. 14. Npimnee later filed an amended complaint which this Court construes as a supplement (the "Supplement"). Filing No. 42.

The Court now conducts an initial review of the Complaint and Supplement, to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A, and finds that it is. Npimnee's Complaint shall be dismissed without prejudice for failure to state a claim on which relief may be granted.

**I. SUMMARY OF COMPLAINT**

The subject matter of this case arises from allegations of Eighth Amendment violations relating to the classification of inmates as non-indigent when inmates have "as

little as $0.31" in available funds, resulting in denials of basic housing, food, clothes, and hygiene by Defendants the State of Nebraska, Lancaster County Jail, and Sergeant William Goracke ("Goracke"). Filing No. 1 at 5.

The Complaint contained allegations that while Npimnee and the other two former plaintiffs were detained at Lancaster County Jail, Goracke denied (and instructed other officers to deny) them access to essential hygiene items such as soap and toothpaste because they lacked the ability to pay for them. *Id.* In the Supplement, Npimnee clarifies that he was denied toothpaste and soap by Goracke one time on October 15, 2022, which resulted in bacterial buildup and halitosis in his mouth from not brushing his teeth and that a sore on his foot became infected requiring antibiotic treatment. Filing No. 42 at 1.

As relief Npimnee seeks monetary damages and an injunction to stop what he deems is an illegal jail policy. *Id.* at 2–3.

## II. APPLICABLE STANDARDS ON INIITAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

While "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties," Topchian v. J.P. Morgan Chase Bank, 760 F.3d 843, 849 (8th Cir. 2014) (internal quotation marks and citations omitted), pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell, 550 U.S. at 569-70; see also Iqbal, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555).

### III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

Npimnee names the State of Nebraska, the Lancaster County Jail, and William Goracke ("Goracke") as defendants. Filing No. 1 at 2–3. The State of Nebraska[1] and the Lancaster County Jail,[2] however, are not proper defendants, and therefore Npimnee's claims against them must be dismissed with prejudice.

Npimnee also sues officer Goracke, who is a county employee of Lancaster County Jail, in his official and individual capacity. *Id.* at 3. This Court construes Npimnee's claim against Goracke relating to the denial of hygiene supplies as a conditions of confinement claim, which for pretrial detainees such as Npimnee at the time the allegations occurred, is analyzed under the Fourteenth Amendment "punishment" standard as opposed to the deliberate indifference standard for Eighth Amendment conditions of confinement claims applicable to post-trial confinement. *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902 (8th Cir. 2020). However, any Fourteenth Amendment claim Npimnee intends to allege fails.[3]

---

[1] A state, its agencies and instrumentalities, and its employees in their official capacities generally are not considered "persons" as that term is used in § 1983, and are not suable under the statute, regardless of the forum where the suit is maintained. *See Hilton v. South Carolina Pub. Railways Comm'n*, 502 U.S. 197, 200-01 (1991); *see also McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (states, arms of the state, and state officials acting in their official capacities are not subject to suit under § 1983). In addition, the Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and state employees sued in their official capacities. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Therefore, Npimnee's claims against the State of Nebraska cannot proceed and also must be dismissed with prejudice.

[2] "[C]ounty jails are [also] not legal entities amenable to suit." *Richmond v. Minnesota*, No. CIV. 14-3566 PJS/JSM, 2014 WL 5464814, at *3 (D. Minn. Oct. 27, 2014) (citing *Owens v. Scott Cnty. Jail,* 328 F.3d 1026, 1027 (8th Cir.2003) (per curiam)). Therefore, Npimnee's claims against the Lancaster County Jail cannot proceed and also must be dismissed with prejudice.

[3] While unclear, to the extent Npimnee seeks to allege a claim relating to access to, or the proper function of, the grievance procedures at Lancaster County Jail, that claim would also fail as "[i]nmates do not have a constitutionally protected right to a grievance procedure. Because a ... grievance procedure does not confer any substantive right upon prison inmates, a prison official's failure to comply with the ... grievance procedure is not actionable under § 1983." *Hildebrand v. Kugler*, No. 1:19-CV-01006, 2019 WL 2134622, at *1 (W.D. Ark. May 3, 2019), *report and recommendation adopted*, No. 1:19-CV-1006, 2019 WL 2130152 (W.D. Ark. May 15, 2019) (quotation and citation omitted) (collecting cases).

In the Eighth Circuit, repeated deprivations of adequate hygiene supplies have been held to satisfy a constitutional claim as such long-term refusals result in a denial of "the minimal civilized measure of life's necessities." *Thomas-El v. Francis*, 99 F.4th 1115, 1117 (8th Cir. 2024) (cleaned up); *see also Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). For example, allegations that an inmate was without funds to purchase toothpaste, and that he made repeated unsuccessful requests for almost five months for toothpaste, resulting in complaints of tooth pain and a suspected cavity, was sufficient to satisfy the objective prong of a deliberate indifference claim. *Id.* at 1117.

The Complaint contained allegations that Goracke specifically refused to give hygiene supplies to inmates and instructed other officers to do the same "since March 31, 2022." Filing No. 1 at 4. While, due to the joint nature of the Complaint, this Court could not affirmatively connect the claims against Goracke to Npimnee, in his Supplement Npimnee clarifies the allegations. Specifically, Npimnee alleges that Goracke's denial of access to soap and toothpaste, resulting in halitosis and a foot sore, occurred on a single day: October 15, 2022. Filing No. 42 at 1. A one-day denial of hygiene supplies simply does not rise to a punishment protected under the Fourteenth Amendment. As such, Npimnee's individual capacity claim against Goracke under the Fourteenth Amendment fails to state a claim.

Npimnee also brings claims against Goracke in his official capacity, Filing No. 1 at 3, but for the same reasons they too must fail. Claims made against an individual defendant in his official capacity are construed as filed against the defendant's employing entity. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an

agent."); *Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity."). Here, as Gorecke is employed by the Lancaster County Jail, Npimnee's official capacity claim against Gorecke should be made against Lancaster County.

While a municipality like Lancaster County can be liable under 42 U.S.C. § 1983 if an "action pursuant to official municipal policy of some nature caused a constitutional tort," Monell v. Department of Social Services, 436 U.S. 658, 691 (1978), to prevail on a municipal liability claim a plaintiff must show that a constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise, *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016). And a plaintiff must establish that his or her constitutional rights were violated by an "action pursuant to official municipal policy or misconduct so pervasive among non-policymaking employees of the municipality as to constitute a custom or usage with the force of law." *Kuha v. City of Minnetonka*, 365 F.3d 590, 603 (8th Cir. 2003) (cleaned up); *see also Turney v. Waterbury*, 375 F.3d 756, 761–62 (8th Cir. 2004).

Here, as Npimnee has failed to allege a constitutional violation occurred, his official capacity claim against Goracke also fails.

IT IS THEREFORE ORDERED that: The Complaint is dismissed with prejudice for failure to state a claim on which relief may be granted. The Court will enter judgment by a separate document.

Dated this 18th day of October, 2024.

BY THE COURT:

*Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Court