IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HOPE NPIMNEE,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA, LANCASTER COUNTY JAIL, and WILLIAM GORACKE,<br><br>Defendants. | 8:22CV409<br><br>MEMORANDUM AND ORDER |

Before the Court is Plaintiff's Motion to "Correct Misinterpretation and Appoint Counsel to Perfect Claim" (the "Motion"), filed on October 24, 2024. Filing No. 47. The Court construes Plaintiff's Motion as seeking to reopen his case either as a motion to alter or amend judgment, filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, or as a motion for relief from judgment, filed pursuant to Rule 60(b). *See Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988) (where moving party fails to indicate which provision of the Federal Rules of Civil Procedure he is relying upon in making his motion to reconsider the judgment, court may treat it as a Rule 59(e) or Rule 60(b) motion).

This is Plaintiff's second motion to reopen his case following entry of a judgment of dismissal and his second motion for appointment of counsel. *See* Filing Nos. 40 and 47. For the reasons that follow, the Motion shall be granted to the extent the case shall

be reopened. The remainder of the Motion seeking the appointment of counsel shall be denied without prejudice.

### I. REOPENING UNDER FED. R. CIV. P. 59(e) OR 60(b)

Plaintiff seeks to set aside the judgment dismissing his case, *see* Filing No. 46, which this Court construes as a motion to set aside the judgment and reopen pursuant to Federal Rule of Civil Procedure 59(e) or 60(b). Filing No. 47.

**A. Background**

Plaintiff's suit was initially filed on November 30, 2022, as a multi-plaintiff pro se complaint (the "Multi-Plaintiff Complaint"). Filing No. 1. However, Plaintiff and the other two joint-plaintiffs eventually sought to proceed individually, *see* Filing No. 8; Filing No. 10; Filing No. 12, after which the two other plaintiffs were severed from this case and the Multi-Plaintiff Complaint became Plaintiff's initial complaint (the "Complaint"), *see* Filing No. 14.

On July 19, 2023, this Court performed an initial review of the Multi-Plaintiff Complaint, ultimately finding that amendment was necessary for Plaintiff's individual case to proceed because the Multi-Plaintiff Complaint was drafted to address the complaints of three plaintiffs. Filing No. 34. Because Plaintiff had not supplemented or amended any of the claims, it was impossible for this Court to discern if the specific facts alleged in the Multi-Plaintiff Complaint related to Plaintiff or one of the other former plaintiffs. *Id.* at 3. Plaintiff was ordered to "file an amended complaint that states a plausible claim for relief against any or all defendants, and clearly explains what each defendant did to him and when, and how each defendant's actions harmed him." *Id.* at 4. Plaintiff was further

advised that any amended complaint filed would supersede, not supplement, the original Complaint. *Id.*

While the deadline for compliance with the July 19 Memorandum and Order was later extended to September 18, 2023, *see* Filing No. 37 at 4, Plaintiff did not file an amended complaint or take any other action in the case. As a result, the case was dismissed for failure to prosecute on October 2, 2023. Filing No. 38.

On November 3, 2023, Plaintiff filed his first motion seeking to reopen the case, alleging that due to his restrictive confinement he was unable to respond to the prior order until after the deadline to do so had passed. Filing No. 40. The Court granted his motion to reopen on November 9, 2023, instructing Plaintiff to file an amended complaint in compliance with the July 19 Memorandum and Order. Filing No. 41. Plaintiff was warned that failure to comply with the order may result in dismissal of his case without further notice. *Id.* at 5.

In compliance, Plaintiff filed an "amended complaint," on November 30, 2023, Filing No. 42, but the amended complaint was dismissed upon initial review for failure to state a claim on which relief may be granted, Filing No. 45. Specifically, this Court found that both the State of Nebraska and the Lancaster County Jail were not proper defendants and therefore Plaintiff's claims against them must be dismissed with prejudice, that Plaintiff failed to state an official capacity claim against remaining defendant William Goracke as no allegations of custom were pleaded which could be attributed to his municipal employer, and that Plaintiff's allegation of a Fourteenth Amendment violation for denial of access to personal hygiene supplies against Goracke in his individual

capacity also failed because the allegations as pleaded appeared to occur only on a single day which did not rise to a violation of the Fourteenth Amendment. *Id.* at 4–6.

It appears Plaintiff now seeks to again set aside the judgment of dismissal and reopen his case because he believes the dismissal rests, at least in part, on what Plaintiff alleges is a misinterpretation of the facts by this Court in the October 18, 2024, Memorandum and Order dismissing the case for failure to state a claim. Filing No. 47.

**B. Discussion**

The Court construes Plaintiff's Motion as seeking relief from judgment either under Fed. R. Civ. P. 59(e) or 60(b).

As an initial matter, a Rule 59(e) motion "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). Rule 60(b), provides that a judgment may be set aside, inter alia, for "mistake, inadvertence, surprise, or excusable neglect" or for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(1),(6), and that a motion seeking relief under Rule 60(b) "must be made within a reasonable time—and for reason[] (1) . . . no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). Here, the Judgment of dismissal was entered on October 18, 2024, Filing No. 45, and the Motion was filed six days later on October 24, 2024, rendering it timely under both rules.

Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). The Rule is generally only used to reconsider matters contained in a decision on the merits, giving a district court the chance "to rectify its own mistakes in the period immediately following" its decision. *Banister v. Davis*, 590 U.S. 504, 508 (2020) (quoting *White v. New Hampshire Dept. of Employment Security*,

455 U.S. 445, 450 (1982)). "In particular, courts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Id.* (citing 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2810.1, pp. 163–164 (3d ed. 2012) (Wright & Miller); *accord*, *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485–486, n. 5 (2008) (quoting prior edition)). Conversely, Rule 60(b), has a much broader scope, providing that a judgment may be set aside, inter alia, for "mistake, inadvertence, surprise, or excusable neglect" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1),(6).

Here, it seems relief under 60(b) is more appropriate. Plaintiff argues that reopening is proper as he believes this Court misinterpreted his Amended Complaint as alleging Goracke only denied Plaintiff hygiene supplies on a single day when Plaintiff intended to allege that Goracke denied him hygiene supplies over 50 times during a five-month period. Filing No. 47. This distinction is important as although a one-day deprivation of adequate hygiene supplies does not support a Fourteenth Amendment violation, as noted in the Memorandum and Order dismissing the case, "[i]n the Eighth Circuit, repeated deprivations of adequate hygiene supplies have been held to satisfy a constitutional claim as such long-term refusals result in a denial of 'the minimal civilized measure of life's necessities.'" Filing No. 45 at 5 (citing *Thomas-El v. Francis*, 99 F.4th 1115, 1117 (8th Cir. 2024) (cleaned up)). As such, with Plaintiff's clarification, it appears if properly pleaded, that his Fourteenth Amendment deprivation of hygiene supplies claim against Goracke may proceed.

Because it is likely Plaintiff has a claim that will survive initial review with proper pleading, and because Plaintiff timely filed his Motion seeking to reopen the case, the

Court shall grant the Motion to the extent Plaintiff seeks to set aside the judgment of dismissal entered on October 18, 2024. However, Plaintiff must file an amended complaint that complies with the rules of Federal Civil Procedure as well as the rules of this Court as his complaint as pleaded remains deficient.

While this Court understands that the pleading process can be tedious, and time consuming, pro se plaintiffs still must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569–70 (2007); *see also* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). Even if the Court were to allow Plaintiff to proceed against Goracke individually on his Fourteenth Amendment claim, Plaintiff also indicates he seeks to sue Lancaster County, but there are no facts alleged connecting Lancaster County to any claims.

As such, on the Court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes the relevant factual allegations against Goracke as discussed herein and in the Motion, and also in support of any additional claims, naming each defendant he seeks to sue and the

capacity in which he seeks to sue them, including naming and alleging claims against Lancaster County.

If an amended complaint is filed within 30 days, the Court will then conduct another initial review pursuant to 28 U.S.C. § 1915(e)(2). But if an amended complaint or a request to extend time to comply is not filed within 30 days, this action may be dismissed without further notice to Plaintiff.

## II. MOTION TO APPOINT COUNSEL

Plaintiff also seeks the appointment of counsel to "perfect and help prosecute this claim and better preserve judicial economy." Filing No. 47.

As previously noted, when denying Plaintiff's prior motion for counsel at Filing No. 3:

> There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, No. 20-2560, 2021 WL 2285235, at *1 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

Filing No. 23 at 3.

Again, the Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this juncture. As none of Plaintiff's claims have yet to proceed beyond initial review, and as it appears that Plaintiff is able to provide this Court with the factual detail to do so, there is no need for appointment of counsel at this early

stage in the proceedings. Therefore, Plaintiff's Motion, to the extent he seeks the appointment of counsel, shall be denied without prejudice to reassertion.

IT IS THEREFORE ORDERED:

1. Plaintiff's Motion to "Correct Misinterpretation and Appoint Counsel to Perfect Claim," Filing No. 47, is granted in part and denied in part. To the extent Plaintiff seeks to set aside the order and judgment of dismissal at Filing No. 45 and Filing No. 46, the motion is granted, but to the extent Plaintiff also seeks appointment of counsel, it is denied without prejudice to reassertion.

2. The Court's Memorandum and Order entered on October 18, 2024, Filing No. 45, is withdrawn.

3. The Court's Judgment entered on October 18, 2024, Filing No. 46, is set aside and vacated.

4. The Clerk of the Court is further directed to send Plaintiff the Form Pro Se 14 ("Complaint for Violation of Civil Rights (Prisoner)").

5. Plaintiff shall have 30 days in which to file an amended complaint in accordance with this Memorandum and Order. The amended complaint will supersede and replace all prior complaints filed. Plaintiff should be mindful to clearly explain *what each defendant did to him, when each defendant did it, how each defendant's actions harmed him, and what specific legal rights Plaintiff believes each defendant violated. Put another way, the Court cannot guess as to what each defendant did and when, therefore, Plaintiff should set forth factual allegations that establish who each defendant is, when and how they were involved with Plaintiff's claims, and what claims Plaintiff alleges against each of them.*

6.    Failure to file an amended complaint on or before **February 14, 2025**, will result in the Court dismissing this case without further notice to Plaintiff.

7.    The Clerk of the Court is directed to set the following pro se case management deadline: **February 14, 2025**: check for amended complaint.

Dated this 15th day of January, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court