IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HOPE NPIMNEE,<br><br>        Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA, LANCASTER COUNTY JAIL, LANCASTER COUNTY, and WILLIAM GORACKE,<br><br>        Defendants. | **8:22CV409**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Hope Npimnee ("Plaintiff") filed a multi-plaintiff pro se complaint on November 30, 2022 (the "Multi-Plaintiff Complaint"). Filing No. 1. Npimnee was granted leave to proceed in forma pauperis on February 6, 2023. Filing No. 23. While the Multi-Plaintiff Complaint was originally filed as a joint action by three plaintiffs, of which Plaintiff was one, Plaintiff and the other two plaintiffs eventually sought to proceed individually, *see* Filing No. 8; Filing No. 10; Filing No. 12, after which the other plaintiffs were severed from this case and the Multi-Plaintiff Complaint became Plaintiff's initial complaint (the "Complaint"), *see* Filing No. 14. Plaintiff later filed an amended complaint which this Court construed as a supplement (the "Supplement"). Filing No. 42. And on October 18, 2024, this Court conducted an initial review of the Complaint and Supplement, to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A, and found that it was. Filing No. 45. Plaintiff's Complaint and Supplement were dismissed without prejudice for failure to state a claim on which relief may be granted, a judgment of dismissal was also entered, and the matter was closed. Filing Nos. 45 and 46.

On October 24, 2024, Plaintiff filed a Motion to "Correct Misinterpretation and Appoint Counsel to Perfect Claim" (the "Motion"), Filing No. 47, which the Court construed as seeking to reopen his case either as a motion to alter or amend judgment, filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, or as a motion for relief from judgment, filed pursuant to Rule 60(b).[1] Filing No. 50 at 1 (citing *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988)). The portion of the motion seeking reopening was granted, Filing No. 50, after which Plaintiff filed his Successive Amended Complaint (the "Amended Complaint"), Filing No. 51.

This Court now conducts an initial review of the Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.[2] And, for the reasons that follow, only Plaintiff's Fourteenth Amendment claims against Lancaster County and against defendant William Goracke in his individual capacity may proceed.

## I.  SUMMARY OF AMENDED COMPLAINT

The subject matter of this Amended Complaint is very similar to the prior Complaint and Supplement as Plaintiff's claims still arise from allegations that he was denied hygiene supplies while an inmate by Lancaster County Jail officer William Goracke ("Goracke"). *See* Filing Nos. 1, 42, and 51. Plaintiff now alleges he was denied access to hygiene supplies such as soap and a toothbrush/toothpaste from April 5, 2022, to October 15, 2022, by Goracke. Filing No. 51 at 1. And he further alleges that the denials

---

[1] This was Plaintiff's second motion to reopen his case following entry of a judgment of dismissal and his second motion for appointment of counsel. *See* Filing Nos. 40 and 47.

[2] The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

2

of access to these hygiene supplies were done pursuant to a policy of the Lancaster County Jail, which classified inmates such as Plaintiff as non-indigent when having "as low as $2.00 and at times below $0.31" in available funds in their inmate accounts, making them not eligible for free hygiene supplies even though they did not have adequate funds to pay for them.  See Filing No. 51 at 1, 3.

Plaintiff alleges that as a result of the denial of hygiene supplies, he had foot sores, tooth pain and halitosis, and that he was prescribed an antibiotic for an undescribed infection.  Id. at 1.  As relief Plaintiff seeks monetary damages.  Id. at 3.

## II.  DISCUSSION

In order to state a claim under section 1983, a plaintiff must allege that: (1) the defendants were acting under color of state law at the time the complained of acts were committed; and (2) the defendants' conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.  West v. Atkins, 487 U.S. 42 (1988).

As an initial matter, although Plaintiff was previously instructed that neither the State of Nebraska, nor the Lancaster County Jail are proper defendants, and that his conditions of confinement claims do not arise under the Eighth Amendment as he was a pretrial detainee at the time the incidents at issue occurred, see Filing No. 45 at 4, n. 1 & 2, he again names these same parties in his Amended Complaint and again states that his claims arise under the Eighth Amendment, see Filing No. 51.  Nothing has changed

which would allow either party to remain as defendants in this case and Plaintiff's claims still arise under the Fourteenth Amendment, not the Eighth.

A state, its agencies and instrumentalities, and its employees in their official capacities generally are not considered "persons" as that term is used in § 1983, and are not suable under the statute, regardless of the forum where the suit is maintained. *See Hilton v. South Carolina Pub. Railways Comm'n*, 502 U.S. 197, 200-01 (1991); *see also McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (states, arms of the state, and state officials acting in their official capacities are not subject to suit under § 1983). In addition, the Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and state employees sued in their official capacities. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Therefore, Plaintiff's claims against the State of Nebraska cannot proceed and must be dismissed with prejudice. And, "county jails are [also] not legal entities amenable to suit." *Richmond v. Minnesota*, No. CIV. 14-3566 PJS/JSM, 2014 WL 5464814, at *3 (D. Minn. Oct. 27, 2014) (citing *Owens v. Scott Cnty. Jail,* 328 F.3d 1026, 1027 (8th Cir.2003) (per curiam)). Therefore, Plaintiff's claims against the Lancaster County Jail cannot proceed and also must be dismissed with prejudice.

Also as previously noted, Plaintiff's conditions of confinement claim against Goracke and Lancaster County relating to the denial of hygiene supplies while being held pretrial must be analyzed under the Fourteenth Amendment "punishment" standard as opposed to the deliberate indifference standard for Eighth Amendment conditions of confinement claims applicable to post-trial confinement. *See* Filing No. 45 at 4 (citing

4

*Stearns v. Inmate Servs. Corp.*, 957 F.3d 902 (8th Cir. 2020)). And, as "the Due Process Clause prohibits any punishment of a pretrial detainee, be that punishment cruel-and-unusual or not," *Smith v. Conway Cnty., Ark.*, 759 F.3d 853, 858 (8th Cir. 2014); *see also Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014) (pretrial detainees afforded greater protection than convicted inmates in that the Due Process Clause prohibits detainees from being punished), repeated long term deprivations of adequate hygiene supplies have been held to satisfy a constitutional claim as such long-term refusals result in a denial of "the minimal civilized measure of life's necessities." *Thomas-El v. Francis*, 99 F.4th 1115, 1117 (8th Cir. 2024) (cleaned up); *see also Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). Accordingly, while the analysis is the same, this Court shall look to both the Due Process Clause and the Eighth Amendment's Cruel and Unusual Punishment Clause for analysis of Plaintiff's claim against Goracke. *See Moon v. Boyd*, 727 F. Supp. 3d 829, 849 (E.D. Mo. 2024).

Generally, "inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time." *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989). For example, Eighth Amendment allegations that an inmate was without funds to purchase toothpaste, and that he made repeated unsuccessful requests for almost five months for toothpaste, resulting in complaints of tooth pain and a suspected cavity, was sufficient to satisfy the objective prong of a deliberate indifference claim. *Thomas-El*, 99 F.4th at 1117. As Plaintiff alleges Goracke was aware of Plaintiff's lack of hygiene supplies and did nothing to rectify it, and as this Court must take those allegations as true, Plaintiff's claims are sufficient to state a claim that Goracke denied Plaintiff the minimal civilized measure of life's necessities while he

5

was confined at Lancaster County Jail by denying him access to soap, a toothbrush, and toothpaste, for roughly five months.

Plaintiff also brings claims against Lancaster County, alleging that Lancaster County's policy, which sets a standard for determining if an inmate is indigent and is therefore entitled to free hygiene supplies, resulted in the denial of hygiene supplies to inmates such as himself who, when having less than $2.00 in their inmate trust accounts, cannot afford them. Filing No. 51 at 3. While a municipality like Lancaster County can be liable under 42 U.S.C. § 1983 if an "action pursuant to official municipal policy of some nature caused a constitutional tort," *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978), to prevail on a municipal liability claim a plaintiff must show that a constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise, *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016). And a plaintiff must establish that his or her constitutional rights were violated by an "action pursuant to official municipal policy or misconduct so pervasive among non-policymaking employees of the municipality as to constitute a custom or usage with the force of law." *Kuha v. City of Minnetonka*, 365 F.3d 590, 603 (8th Cir. 2003) (cleaned up); *see also Turney v. Waterbury*, 375 F.3d 756, 761–62 (8th Cir. 2004).

Here, Plaintiff alleges that after filing multiple grievances relating to the policy at issue, the Ombudsman Office closed his case, admitting that a policy existed and that Plaintiff was denied access to hygiene supplies pursuant to that policy. Filing No. 51 at 3. Specifically, Plaintiff contends that the Ombudsman Office replied to his grievance regarding lack of access to hygiene supplies by stating that "Lancaster County

Corrections has established their requirements for indigent status while in the facility . . . [and Plaintiff was] denied the indigent (hygiene) items [Plaintiff] ordered as [Plaintiff] did not mee[t] the indigent requirements set by the facility." *Id.*

While Plaintiff does not address the pervasive nature of the policy in his Amended Complaint, in the Multi-Plaintiff Complaint, Plaintiff and his former co-plaintiffs described the policy as being applied by Goracke and other prison employees and having affected at least "several" other inmates at Lancaster County Jail. Filing No. 1 at 5. This Court finds that Plaintiff's allegations relating to an official policy may proceed, especially as it appears Lancaster County admitted such a policy exists as the policy appears to be applied uniformly to all inmates of Lancaster County Jail.

IT IS THEREFORE ORDERED:

1. Only Plaintiff's Fourteenth Amendment Due Process claims against Goracke in his individual capacity and against Lancaster County may proceed to service of process. Any remaining claims against Goracke and Lancaster County are dismissed without prejudice.

2. All claims against the State of Nebraska and against Lancaster County Jail are dismissed with prejudice.

3. For service of process on Goracke, in his individual capacity, the Clerk of Court is directed to complete summons and USM-285 forms using the address "Lancaster County Department of Corrections, 3801 West O Street, Lincoln, NE 68528," and forward them together with a copy of the Amended Complaint, Filing No. 51, and a copy of this Memorandum and Order to the United States Marshals Service.

4.    For service of process on Lancaster County the Clerk of Court is directed to complete summons and USM-285 forms using the address "Clerk of Lancaster County, 555 S. 10th Street, Room 108, Lincoln, NE 68508," and forward them together with a copy of the Amended Complaint, Filing No. 51, and a copy of this Memorandum and Order to the United States Marshals Service.

5.    Within ten days of the Clerk of the Court issuing and forwarding the summons to the Marshals Service, the Marshals Service shall serve Goracke in his individual capacity at Lancaster County Department of Corrections, 3801 West O Street, Lincoln, NE 68528, by certified mail or by using any of the other following authorized methods: personal, residence, or designated delivery service. See Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01; Neb. Rev. Stat. 25-505.01(1).

6.    Within ten days of the Clerk of the Court issuing and forwarding the summons to the Marshals Service, the Marshals Service shall serve Defendant Lancaster County at Clerk of Lancaster County, 555 S. 10th Street, Room 108, Lincoln, NE 68508, by certified mail or by using any of the other following authorized methods: personal, residence, or designated delivery service. See Federal Rule of Civil Procedure 4(i)(2); Neb. Rev. Stat. § 25-510.02(2); Neb. Rev. Stat. 25-505.01(1).

7.    For service by certified mail or designated delivery service, the Marshals Service shall serve Defendants within ten days of the Clerk of the Court issuing and forwarding the summons to the Marshals Service. See Neb. Rev. Stat. § 25-505.01(1).

7.    The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.[3]

---

[3] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d),

8.  Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the Court's own motion, an extension of time until **July 14, 2025**, to complete service of process.

9.  Plaintiff is hereby notified that failure to obtain service of process on the Defendants within 90 days of the date of this order may result in dismissal of this matter without further notice. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

10. The Clerk of Court is directed to set a case management deadline in this case with the following text: **July 14, 2025**: service of process to be completed.

11. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 15th day of April, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court

---

in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." See *Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).