IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HOPE NPIMNEE,<br><br>    Plaintiff,<br><br>vs.<br><br>WILLIAM GORACKE, in his official and personal capacity; and LANCASTER COUNTY,<br><br>    Defendants. | 8:22CV409<br><br>**MEMORANDUM AND ORDER** |

This matter is before this Court on Plaintiff's June 9, 2025, "Motion to Extend Discovery Request Deadline & Third[1] Motion for Counsel" (the "Motion for Counsel and to Continue Deadlines"), Filing No. 60, which this Court construes as moving this Court for counsel to assist him with prosecuting his case and moving to continue the deadline for all interrogatories, requests for admission and requests for production or inspection as set forth in the May 21, 2025, order progressing this case (the "Progression Order"), *see* Filing No. 58. Also before this Court is a prior motion seeking the appointment of counsel filed by Plaintiff on April 25, 2025, (the "April 25 Motion for Counsel"). Filing No. 56.

As an initial matter, the April 25 Motion for Counsel seeks the same relief as the request for counsel also before this Court in the more recent Motion for Counsel and to Continue Deadlines filed on June 9, 2025. *See* Filing No. 60. As such, the Court shall address Plaintiff's request for counsel in the more recent motion and shall deny the April 25 Motion for Counsel at Filing No. 56 as moot.

---

[1] The current motion for counsel is Plaintiff's fourth motion. Plaintiff formally filed two prior motions seeking the appointment of counsel, *see* Filing Nos. 3 and 56, and a third filed on October 24, 2024, Filing No. 47, seeking the appointment of counsel in conjunction with his motion to reopen this case, *see* Filing No. 50 at 7-8.

In his most recent request for counsel contained within his Motion for Counsel and to Continue Deadlines, Plaintiff requests counsel to assist in conducting discovery in this matter. Filing No. 60.

In this Court's prior orders denying Plaintiff's first and second motions for counsel, the Court explained that while there is no right to counsel, when considering such requests the Court looks to "the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." Filing No. 23 at 3 (quoting *Recca v. Omaha Police Dep't*, 859 F.App'x. 3, 4 (8th Cir. 2021) and citing *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)); *see also* Filing No. 50 at 7-8. While Courts simply cannot appoint counsel for every pro se litigant who makes such a request, *see e.g. Edwards v. Staniec*, No. 08-CV-352-BBC, 2009 WL 3046747, at *2 (W.D. Wis. Sept. 17, 2009), ("The court cannot appoint counsel in every case just because having a lawyer tends to help"), *aff'd*, 389 F. App'x 523 (7th Cir. 2010), a district court may "recruit counsel for an indigent person in appropriate circumstances," 28 U.S.C. § 1915(e)(1), and "[t]he court has a good deal of discretion to determine whether representation is warranted given the nature of the case and the litigants." *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). Other courts have found that an appointment of counsel is appropriate when a civil pro se litigant brings a colorable claim but lacks the capacity to adequately present it. *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him"). While there is no indication that Petitioner lacks the capacity to bring his claim, in this instance he has asserted several colorable claims

involving individuals and policies at an institution he is no longer housed at, rendering his ability to prosecute those claims hindered without the assistance of counsel.

Specifically, Plaintiff's Fourteenth Amendment Due Process claims against Lancaster County relate to the County's policy for determining whether an inmate is indigent and is therefore entitled to free hygiene supplies, which he contends as resulting in the denial of hygiene supplies to inmates such as himself who cannot afford them and his claim against defendant Goracke for implementing the policy have been allowed to proceed. See Filing No. 52 at 6-7. The defendants filed a joint answer to the Complaint, alleging, in relevant part that Lancaster County Jail provides a hygiene kit to each inmate upon being booked, that all inmates who do not have "sufficient funds" to pay for a hygiene kit are provided one free of charge, and "at all times relevant, Plaintiff had sufficient funds to purchase a hygiene kit." Filing No. 57 at 1.

As the dispute between the parties involves both the terms and enforcement of the policy at issue relating to not only Plaintiff but also other Lancaster County Jail inmates, at minimum Plaintiff will need to obtain various documents and records from Lancaster County Jail and also may need to obtain statements from and/or depositions of individuals located there (and potentially elsewhere) to support his claims. Such an undertaking is potentially difficult for any pro se litigant, especially when incarcerated. Here, the situation is made even more difficult as Plaintiff remains incarcerated but is no longer being held at the Lancaster County Jail. See Filing No. 47 at 1. For these reasons, the Court shall grant the portion of the Motion for Counsel and to Continue Deadlines to the extent Plaintiff seeks counsel.

However, in the Motion for Counsel and to Continue Deadlines Plaintiff also seeks to extend the deadlines in the current Progression Order. Filing No. 60. Plaintiff contends that at the time he filed his motion the prison law library had been shut down for two weeks and was to remain closed for an indeterminate amount of time, rendering him unable to access the necessary legal materials to complete his discovery requests. *Id.*

While the Court agrees that the deadlines in the current Progression Order should be extended due to Plaintiff's lack of access to legal materials necessary for him to prosecute his case, in lieu of extending the deadlines the Court shall sue sponte suspend the Progression Order deadlines until after counsel has been appointed and has entered his or her appearance.

IT IS ORDERED that

1. Plaintiff's Motion for Counsel and to Continue Deadlines, Filing No. 60, is granted in part and denied in part on the following terms: The Motion for Counsel and to Continue Deadlines is granted to the extent Plaintiff seeks the appointment of counsel to represent him in this matter. However, as counsel has not yet been appointed, the Court denies the remainder of the motion seeking to extend the deadlines in the Progression Order and instead suspends those deadlines until after counsel has been appointed, at which time the Court shall address the reinstatement/extension of those deadlines.

2. As the Court has granted Plaintiff counsel in relation to the Motion for Counsel and to Continue Deadlines at Filing No. 60, the April 25 Motion for Counsel, Filing No. 56, is denied as moot.

3. The Court will enter a separate order appointing counsel once an appointment is made.

4

4.    The final Pretrial Conference set for January 6, 2026, before Magistrate Judge Jacqueline M. DeLuca is continued until further order of the Court.

5.    The Clerk of Court shall transmit a copy of this Order to Magistrate Judge DeLuca's chambers.

Dated this 29th day of July, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court